IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BARRY LYNN GIBSON,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:21-cv-328-TES-CHW |
| **Warden AIMEE SMITH,** *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

## ORDER

Plaintiff Barry Lynn Gibson has filed a motion for appointment of counsel. (Doc. 12). No right to counsel exists in civil rights actions. Whal v McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In accordance with Holt, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**,

1

will consider assisting Plaintiff in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

    **SO ORDERED**, this 2nd day of November, 2021.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge
