IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BARRY LYNN GIBSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-328-TES-CHW |
| | : | |
| Warden **AIMEE SMITH,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the Court are five motions in which the parties seek a dispositive ruling or preliminary injunctive relief. (Docs. 14, 18, 36, 37, 40). It is **RECOMMENDED** that all of these motions, addressed in turn below, be **DENIED**.[1]

## BACKGROUND

This Section 1983 action relates to Plaintiff Barry Gibson's allegations that the Defendants provided inadequate medical care for an eye condition. The facts underlying Plaintiff's claims arose as early as 2016. Plaintiff alleges that "from 2016 until 2021[,] I have had a cataract on my left eye," and that Defendant Dr. Ulrich "who does surgeries" provided inadequate care by refusing to remove the cataract. (Doc. 1, p. 5). Over time, Plaintiff alleges that his vision has deteriorated. Plaintiff also alleges that the delay has

---

[1] It is further **ORDERED** that Plaintiff's motion for extension (Doc. 47) is **GRANTED**. This Recommendation is based upon the consideration of Plaintiff's contemporaneously filed response (Doc. 46).

1

rendered surgery riskier or a more "difficult procedure because now the cataract is loose." (Doc. 1-1, p. 2).

Plaintiff also sues Defendant Dr. Kendrick, who is currently in default, for missing appointments on May 11, 2021, and July 15, 2021. (Doc. 1-1, p. 19). Plaintiff's complaint indicates that Dr. Kendrick was to perform an eye exam and possibly to provide Plaintiff with glasses or contacts. (Doc. 4, p. 5). On screening under 28 U.S.C. § 1915A, the Court allowed Plaintiff to sue Defendant Smith, the Warden of Dooly State Prison, and Defendant Chaney, the Deputy Warden of Care and Treatment, based on letters Plaintiff wrote to these officials complaining of Kendrick's missed appointments. *See* (Doc. 6, p. 9; Doc. 1-1, pp. 18–19).

As discussed further below in relation to the Defendants' motion to dismiss, Plaintiff failed to respond to prompts in the Court's standard form complaint seeking information about Plaintiff's litigation history. *See* (Doc. 1, pp. 2–3) ("Previous Lawsuits"). *Accord* (Doc. 4, pp. 2–3). As explained in the Court's screening order, the Court did not then seek supplementation on the issue because Plaintiff's allegations "indicate[] that he may be in imminent danger of serious physical injury," and Plaintiff thereby qualified for an exception to 28 U.S.C. § 1915(g)'s "three strikes" bar to *in forma pauperis* status.

**PLAINTIFF'S REQUESTS FOR PRELIMINARY INJUNCTIVE RELIEF**

In two letters (Docs. 14, 37), Plaintiff arguably seeks preliminary injunctive relief in the form of a court order "for help in getting medical treatment." Plaintiff does not

2

specify precisely what form of medical treatment he desires, and recent filings by Plaintiff suggest that he "received[] cataract surgery on 10-7-21." (Doc. 37, p. 1).

It is **RECOMMENDED** that Plaintiff's letters, construed as motions for a preliminary injunction, be **DENIED**. Plaintiff's motions do not acknowledge, much less evaluate, the factors relevant to the preliminary injunctive relief analysis. Those factors are: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Four Seasons Hotels and Resorts, B.V., v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

To obtain a preliminary injunction, Plaintiff "must clearly carry the burden of persuasion" as to each of the above-listed four factors. *Id.* Because Plaintiff has not satisfied that burden, Plaintiff is not entitled to preliminary injunctive relief.

### PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

In two further documents (Docs. 18, 36), Plaintiff moves for summary judgment. Although the Defendants have not responded to Plaintiff's motions — Plaintiff filed both motions before the Defendants entered an appearance in the case — it is clear that Plaintiff has not presently demonstrated an entitlement to summary judgment.

When reviewing motions for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). The party moving for summary judgment bears the burden of informing the Court

of the basis for its motion, and of citing "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that support summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). Plaintiff has not met that burden, as his motions consist of little more[2] than bald assertions such as "delayed treatment is no treatment," (Doc. 36, p. 1), or that "Plaintiff has not received any medical treatment relevant to his conditions." (Doc. 18, p. 2).

Moreover, even if the Court were independently to review the medical evidence now available, summary judgment is not proper. Medical records attached to Plaintiff's complaint show that Plaintiff received regular ophthalmological medical treatment in the form of medication (dorzolamide, timolol, brimonidine, and latanoprost) from as early as June 2017. (Doc. 1-1, p. 3). Based on the deference due both to state prison administrators and to medical decisionmakers, courts generally "hesitate to find a[n] Eighth Amendment violation" when "a prison inmate has received medical care." *McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999).

Similarly, while Plaintiff claims that his condition necessitated emergency medical treatment, the medical records Plaintiff has submitted suggest otherwise in that they show recommendations for follow-up treatment appointments in "one month" (Doc. 1-1, p. 7), or in "3 to 4 months," (Doc. 1-1, pp. 8–9). Viewed in the light most favorable to the Defendants, therefore, Plaintiff's medical records indicate that Plaintiff's condition did not require an emergency response, that Plaintiff received some measure of medical care, and

---

[2] Plaintiff also complains that the Defendants have not turned over medical records. *See* (Doc. 36, p. 2, ¶ 8). Discovery is currently stayed. (Doc. 42).

that the Defendants' conduct was not so deficient as to "shock the conscience" or establish deliberate indifference as a matter of law. *See, e.g.*, *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). For that reason, it is **RECOMMENDED** that Plaintiff's motions for summary judgment (Docs. 18, 36) be **DENIED**.

## THE DEFENDANTS' MOTION TO DISMISS

In a final pending motion, Defendants Smith, Chaney, and Ulrich move to dismiss this action as a sanction for Plaintiff's failure to disclose his litigation history. (Doc. 40). Eleventh Circuit authority indicates that district courts have discretion to dismiss an action without prejudice based on a *pro se* plaintiff's failure to disclose past lawsuits. *See Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225–26 (11th Cir. 2011). In this case, given the early date of many of Plaintiff's factual allegations — the Defendants acknowledge that Plaintiff's claims relate to factual occurrences arising as early as 2016[3] — any dismissal would be, at least in part, effectively a dismissal with prejudice due to the running of the applicable two-year statute of limitation. *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

"Dismissals with prejudice are drastic remedies that are to be used only where [a] lesser sanction would not better serve the interests of justice." *Stephenson v. Warden*, 554 F. App'x 835, 837 (11th Cir. 2014). They are also "not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct." *Id* (noting that "[m]ere negligence is insufficient").

---

[3] *See* (Doc. 40-1, p. 2) ("Plaintiff separately alleges that defendant Ulrich has refused to perform cataract surgery on his left eye since 2016 and that his vision is now impaired as a result").

5

Although Plaintiff offers little explanation for his failure to disclose his litigation history, Plaintiff's response to the Defendants' motion suggests that Plaintiff's error was due to his *pro se* status — the response states that Plaintiff is "not an experienced attorney" and that "errors are often made by *pro se* litigants." (Doc. 46, p. 1). Nothing on this record indicates that Plaintiff's omission was motivated by bad faith, or that Plaintiff's misconduct has created a "record of delay." Additionally, the lesser sanction of a formal notice or warning should suffice to correct Plaintiff's behavior in future actions. Plaintiff Barry Gibson is hereby **ADVISED** that his failure, in future actions, to disclose his litigation history may result in a dismissal.

Because (a) the running of the limitations period would work an effective dismissal with prejudice at this point, and because (b) the record in this action does not support such a harsh judicial measure, it is **RECOMMENDED** that the Defendants' motion (Doc. 40) be **DENIED**.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Plaintiff's motions for summary judgment and preliminary injunctive relief (Docs. 14, 18, 36, 37), along with the Defendants' motion to dismiss (Doc 40), be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make

a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 20th day of May, 2022.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge