IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BARRY LYNN GIBSON,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:21-cv-328-TES-CHW |
| **Warden AIMEE SMITH,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## **ORDER**

Before the Court are two motions. First, Plaintiff Gibson has filed a motion to compel discovery in which he seeks the production of his medical records. (Doc. 68). Because Plaintiff failed to attach copies of his discovery requests to his motion to compel, the Court cannot review Plaintiff's requests to determine whether they satisfy the requirements of relevance and proportionality. *See* FED. R. CIV. P. 26(b)(1). Additionally, the Defendants represent that they never received any written discovery requests from Plaintiff (Doc. 69, pp. 1–2), although Plaintiff contradicts this representation (Doc 68, p. 1). Finally, Plaintiff did not attach to his motion a certificate that he "in good faith conferred or attempted to confer" with the Defendants to resolve this discovery dispute without court action, although he states in his motion that he made "several good faith request[s]" for the document. FED. R. CIV. P. 37(a)(1). For all of these reasons, Plaintiff's motion to compel (Doc. 68) is **DENIED**.

It is nevertheless likely Plaintiff's medical records are relevant to his claims in this action and are discoverable. Defendants are therefore **strongly encouraged** to work, in good faith, to resolve this discovery dispute to the extent that it remains ongoing. If, in fact, the Defendants have

not received Plaintiff's request for production of these records, it might be appropriate for Defendants to construe Plaintiff's motion to compel, liberally, as a request for production.

Second, the Defendants move for an extension of time and for leave to depose Plaintiff by remote video. (Doc. 74). Pursuant to Fed. R. Civ. P. 30(a)(2)(B), the Defendants' motion is **GRANTED**. Counsel for the Defendants should coordinate the scheduling of Plaintiff's video deposition with the warden of the facility where Plaintiff is currently confined. Furthermore, it is **ORDERED** that the discovery period is extended so that it will run through **October 17, 2022**, and the deadline for dispositive motions is correspondingly extended so that it will run through **December 1, 2022**.

**SO ORDERED**, this 22nd day of September, 2022.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge