IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BARRY LYNN GIBSON,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:21-cv-328-TES-CHW |
| **Warden AIMEE SMITH,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

## **ORDER**

Plaintiff Barry Lynn Gibson has filed a motion to compel the production of his prison medical records. (Doc. 83). Those records are relevant to Plaintiff's Eighth Amendment claims in this action, which are predicated on allegations of deliberate indifference, by prison staff and medical service providers, to Plaintiff's painful eye condition.

In a prior order, the Court previously noted that it was unclear whether Plaintiff, who is proceeding *pro se*, had followed proper procedure to seek and then compel the production of his medical records, but the Court nevertheless "strongly encouraged" the defendants to work with Plaintiff to resolve any dispute over Plaintiff's request for these probative records. (Doc. 75).

In response to Plaintiff's latest motion to compel, the Defendants inform the Court that they have construed Plaintiff's motion as a formal request for production of documents. (Doc. 87). The Defendants assured the Court that they would construe Plaintiff's motion

1

as a discovery request and serve a response. The Court interpreted this assurance as a representation that Defendants would provide Plaintiff with his complete medical record. In a reply brief in support of his motion to compel (Doc 92), Plaintiff suggests that Defendants have responded in part but have refused to turn over his complete record. Plaintiff contends that Defendants are "hand picking select documents" and "attempting to try to select which documents they feel are relevant to their interest." (Doc. 92, pp. 1-2).

In light of these contentions, Defendants are hereby **DIRECTED** to file with the Court, within seven days of the date of this Order, a surreply responding to Plaintiff's allegations. To the extent that Defendants have not turned over Plaintiff's complete medical record, Defendants shall state any objections to the production of specific portions of that record.

**SO ORDERED**, this 29th day of November, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge