IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BARRY LYNN GIBSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-328-TES-CHW |
| | : | |
| Warden **AIMEE SMITH,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

Plaintiff Barry Lynn Gibson has filed a motion to compel the production of his prison medical records during his entire incarceration. (Doc. 83). Those records, he claims, are relevant to his Eighth Amendment claims in this action, which are predicated on allegations of deliberate indifference to Plaintiff's painful eye condition. Defendants responded and informed the Court that they construed Plaintiff's motion as a formal request for production of documents and would produce the documents. (Doc. 87). In a reply brief, Plaintiff complained that Defendants only provided certain hand-picked records which were favorable to the Defendants and failed to provide all the records as requested. (Doc. 92). Because the Court interpreted Defendants' response to the motion as a representation that they would provide Plaintiff with his complete medical record, the Court directed Defendants to file a surreply responding to Plaintiff's allegations. (Doc. 93).

Defendants timely filed their surreply as directed. (Doc. 98). After examining the surreply and Defendants' response to Plaintiff's request for documents, it appears that the

1

records in Defendants' possession which relate to the remaining claims in Plaintiff's suit were produced. The objections that Defendants made to the requests appear to be reasonable objections to a request to produce more than six years of records. (Doc. 98-1). Plaintiff has not countered the objections in any specific way, he has not sought to limit his request to the claims in his suit, and he has not suggested which medical records relating to his eye condition were not provided. Instead, he simply says all his medical records during his entire incarceration were not produced.

Defendants' response to Plaintiff's request to produce appears to comport with the parameters of Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff has shown no basis for why Defendants should be made to produce additional records. Therefore, Plaintiff's motion to compel discovery (Doc. 83) is **DENIED**.

**SO ORDERED**, this 15th day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge